YARBRO v. PURSER.

[74 South. 425, Division B.]

1. ARBITRATION AND AWARD. *Effect. Admissibility in evidence.*
   The legal effect of an arbitration is to make a compromise settlement, and a compromise settlement when full and complete and fairly made operates as a merger of and bars all right to recovery on all claims and causes of action included therein and in case a suit is afterwards brought on any such claims such arbitration is admissible in evidence.

2. COMPROMISE AND SETTLEMENT. *Pleading. Motion to strike.*
   If a compromise and settlement pleaded by way of answer is untrue or void for any reason the plaintiff should either deny the plea

or plead matter in confession and avoidance and thus have the matter brought to final issue and submitted to the jury on proper instructions and not by motion have the plea stricken from the record.

APPEAL from the circuit court of Hinds county. HON. W. H. POTTER, Judge.

Suit by G. D. Purser against E. B. Yarbro. From judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Howie & Howie,* for appellant.

*P. L. Clifton, L. C. Hallam, C. D. Potter* and *Phil Christman,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

G. D. Purser, the appellee, sued the appellant in the circuit court of Hinds county first district, for the sum of four hundred sixteen dollars and forty cents alleged to be due on a contract between Yarbro and Purser by which Yarbro undertook to pay Purser one dollar per thousand for timber averaging twenty inches in diameter, and for which Purser was to procure some person to purchase from Yarbro. This agreement is evidenced by the following instrument:

"Know all men by these presents that E. B. Yarbro is due G. D. Purser one dollar per M. on all pine twenty inches in diameter and up, clear, that Yarbro has sold to Union Timber & Supply Company on Elton plantation. As said Union Timber & Supply Company cuts and pays Yarbro the stumpage, then Yarbro is to pay G. D. Purser the one dollar per M. due him.

"E. B. YARBRO."

Purser alleges that he procured a purchaser, and that the contract was made by D. H. Smith, doing business under the firm name of Union Timber & Supply Com-

pany, and Yarbro; and the contract was duly entered into; and that Smith put up a forfeiture of five hundred dollars to carry out his contract, and began the cutting of the timber in question. He had until January 1, 1916, in which to cut the timber, but, becoming embarrassed, financially he entered into an agreement with Yarbro by which he relinquished his right under the contract, and Yarbro returned the five hundred dollars paid as a guaranty of carrying out the contract, and in addition to that paid him two hundred dollars in money. This contract releasing Smith in which the timber was surrendered to Yarbro is dated May 14, 1914, more than a year and a half before the expiration of the time in which to carry out the contract. The exhibits embracing the contracts were made exhibits to the declaration. Yarbro demurred to this declaration, and the demurrer was overruled. Thereupon Yarbro filed a plea of general issue and also a special plea, averring in the special plea that there has been a settlement of the matters involved between the parties in the suit and the payment of balance due under said agreement. This plea avers that the plaintiff and defendant entered into an agreement to submit the matters in dispute between them for arbitration by three parties, one of which was to be selected by Purser, and one by Yarbro, and a third by the master of the Masonic lodge at Jackson, all of said arbitrators to be members of the Masonic fraternity; that the arbitrators were selected in accordance therewith and a written agreement entered into to abide by the result of such arbitration, each agreeing that they would take no legal proceedings with reference thereto, but would accept the finding made in writing by the parties so selected as arbitrators. This agreement is made an exhibit to the special plea, and recites that there was a suit then pending by Purser against Yarbro for the sum of eighty dollars and thirty-four cents which was to be dismissed and the costs to be paid by the party who failed to sustain

his contention before the arbitrators. It was to include also all timber cut by J. W. Evans up to the 4th day of February, 1914, twenty inches in diameter up, on the Elton plantation. It was further agreed that the witness should be examined in the presence of all of the arbitrators and legal formalities and rules of evidence and procedure were waived. It was then the agreement that the arbitrators should pass upon five propositions as follows:

"It is agreed that the arbitrators shall pass on the following questions:

"(1) Whether E. B. Yarbro should pay G. D. Purser for the timber cut by J. W. Evans, herein referred to, which amounts to eighty thousand three hundred forty feet at one dollar per thousand.

"(2) Whether E. B. Yarbro or G. D. Purser should pay for the expense of collecting the four dollars and fifty cents per thousand from D. H. Smith under contract of sale to him both attorney's fees and other expenses.

"(3) Whether E. B. Yarbro or G. D. Purser should bear the expense and trouble of looking after the logs and scaling of the same cut by D. H. Smith under his contract and seeing to it that Smith paid for all of the timber cut, and did not slip out any without accounting for it and paying for it.

"(4) As to which should stand any loss on account of D. H. Smith not living up to his agreement in the cutting of the timber and paying for it.

"(5) Whether said Yarbro should pay said Purser anything for timber that Smith failed to cut, and would not cut, and could not be prevailed upon to cut.

"It is further agreed that all these matters shall be decided upon by arbitrators on all the facts in connection therewith and without regard to any and all attempted interpretations of the understanding between the parties themselves; and that they shall especially go into the facts in connection with the first negotiations

before at and just after the contract with Smith was
signed.

"It is further agreed that each party hereto will for-
ever abide by the decision of the arbitrators rendered
herein, and will never take any steps at law or other-
wise to try to avoid performing and complying with
the decision so rendered."

The arbitrators made a written finding on these mat-
ters, which appears in the record, the concluding clause
of which reads as follows:

."But if Smith fails to carry out his contract and
does not cut any of the timber, or relinquishes his con-
tract to Yarbro, or cancels the same, or it is canceled
by process of law, or any other manner, Purser shall
not be entitled to anything whatever on such timber as
is not cut at the time of such relinquishment, cancella-
tion, or failure of performance on the part of D. H.
Smith."

He also filed notice under the general issue of the
same matters. Plaintiff made a motion to require him
to strike from the files either the affirmative matter in
the notice or his special plea. The defendant declining
to do so, the court ordered the notice under the general
issue bearing on this question stricken from the files.
Thereupon the plaintiff moved the court to strike from
the defendant's plea above mentioned all matter there-
in contained with reference to an accord and satisfaction
therein set forth, which motion was sustained by the
court, to which the defendant excepted.

After the surrender of the contract by Smith to
Yarbro, Yarbro sold the timber in question to Evans,
and this suit is brought for timber not cut at the time
of the surrender of the contract by Smith to Yarbro.
Yarbro afterwards sold the timber to Evans, and but
for the submission to the arbitrators and the finding
thereon by the arbitrators (many of which matters in
the arbitration were found in favor of Purser, but as
to this matter in suit the finding was against Purser),

the judgment rendered would have been right and prop-
er.

It was error, however, for the court to refuse to let
this submission and finding of the arbitrators be put
in issue and submitted along with the other features of
the case. The legal effect of this agreement alleged in
this plea was to make a compromise settlement of the
matters in dispute, including the matters in this suit;
and the effect of this agreement was to merge the
original causes of action and defenses into the written
award and make that the exclusive source of rights and
liabilities of the parties.

In 8 Cyc., p. 516, this rule is stated as follows:

"A compromise settlement when full and complete
and fairly made operates as a merger of, and bars all
right to, recovery on all claims and causes of action
included therein."

At page 518 of the same work, under the heading
"Conclusiveness of Agreement," the rule is stated as
follows: .

"Numerous authorities support the doctrine that a
compromise and settlement of a controversy based on a
sufficient consideration is, as between the parties thereto
and as to the matters embraced therein, binding and
conclusive where fairly made. Such agreements can be
impeached and set aside only on grounds hereinafter
indicated. They will not be opened merely to inquire
into all the equities between the parties.'"

At page 523 of the same work, under the head of
"Impeachment—Opening and Correcting," the rule is
stated:

"Equity has jurisdiction to open, reform, and correct
a compromise and settlement upon the showing of proper
grounds for such relief."

Then under subheads different grounds are taken up
for which such contracts can be impeached.

If the facts stated in the plea and exhibits were
untrue or avoided for any reason, the plaintiff should

have either denied the plea, or pleaded matter in confession and avoidance, and the matter brought to final issue and submitted to the jury on proper instructions. For the reasons above indicated, the judgment of the court will be reversed and remanded.

*Reversed and remanded*