STOUT *v.* W. M. GARRARD & CO.

[91 South. 33. No. 23395.]

1. ARBITRATION AND AWARD. *Declaration in suit on award held not to state a cause of action.*

Where parties agree to arbitrate their differences under the statute (Code of 1906, section 96 et seq.; Hemingway's Code, section 83 et

seq.), and an agreement is signed by the parties and an award is made thereon, and suit is filed on the award, the declaration alleging the material facts in reference thereto, and making the contract in controversy, the agreement to arbitrate, and the award thereon exhibits to the declaration, it is error to sustain a demurrer to the declaration which alleged that the arbitrators heard all the parties and considered all points in controversy and passed upon and finally disposed of every question submitted to them fully and completely, and unanimously agreed to award to plaintiff the amount named, etc., and that payment had been demanded and refused.

2. ARBITRATION AND AWARD. *Every presumption will be indulged in favor of validity of arbitration proceedings.*
   Under the statutes on arbitration and award, Code of 1906, section 114, Hemingway's Code, section 101, articles of agreement to arbitrate and awards thereon are to be liberally construed so as to encourage the settlement of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbirtation proceedings.

3. ARBITRATION AND AWARD. *All arbitrators must participate, but majority may make award.*
   Under section 101, Code of 1906 (section 88, Hemingway's Code), all arbitrators must participate in the arbitration but a majority may make an award, unless the articles of submission provide to the contrary; and, where the award shows that a majority agreed on each item of the award in this case, it is unnecessary to decide the question as to whether there was in law an unanimous award on the recitals of the award itself.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Suit by W. C. Stout against W. M. Garrard & Co.  Verdict and judgment for the defendants.  Motion for new trial overruled, and the plaintiff appeals.  Reversed and remanded.

*Baskin & Wilburn,* for appellant.

We submit that the fact that the arbitration is dated January 16, 1920, is no ground for declaring it invalid; and that by appearing before the arbitrators and proceeding with the arbitration until it was signed and published

by the arbitrators, each party is now estopped to contend that there was anything invalid about the arbitration, growing out of the fact that it was not completed and signed until the 16th of January, 1920, though begun on the 15th of January, 1920.

It is not essential to the validity of an award that it should be made and signed immediately upon arriving at a decision, if it, in fact, is duly signed at a subsequent time. 5 Corpus Juris, page 117, sec. 271.

At any rate the declaration charges, and the demurrer admits, that the said arbitrators met, and the parties appeared before the said arbitrators and tried out said matters, whereupon said arbitrators signed and delivered to each party to the arbitration, a written report of their findings, a true copy of which is attached to the declaration.

Even if it should be held that the said arbitrators were to meet and act within the limit of the 15th day of January, 1920, there can be no doubt but that the parties to the agreement, either expressly or impliedly did waive it. They had a perfect right, either expressly or impliedly to consent that the arbitrators should act even after the date named in the agreement. A defendant cannot appear before the arbitrators under an agreement to arbitrate, and thus take a chance on a favorable issue, and then claim that the time of the arbitration or of the arbitrators to act, had expired. 5 Corpus Juris, page 101. The case cited will illustrate the principle of waiver. *Small* v. *Trickey,* 66 Am. Dec. 255-56; *Drew* v. *Drew,* 33 Eng. L. & Eq. 9; *Hewitt* v. *Leigh & H. R. Ry. Co.,* 42 Atl. 325-329, 6 So. (Ala.) 834, 5; *Badders* v. *Davis; Lumber Co.* v. *Holt,* 26 So. (Ala.) 663-4; *Connor* v. *Simpson,* 7 Atl. 161; *Montague* v. *Smith,* 13 Miss. 396.

We understand that counsel make the contention that it is necessary in an arbitration under the common law, and necessary under the terms of this particular agreement, that the award of the arbitrators should be unanimous; and they contend that inasmuch as the report of the arbi-

trators shows that on certain items in the statement of account, all of the arbitrators did not vote as a unit, that then the final award of the arbitrators showing balance due W. C. Stout is not an unanimous award, even though signed by all of them and published by all of them.

We respectfully submit that this contention is not sound. The requirement of unanimity in the award, if applicable to this case at all, is fully met when the arbitrators made and stated an account, which shows a balance due to one of the parties, and all three sign it and publish it to the parties. S. L. McInnis voting no on last item and H. D. Byrd and W. C. Wetmore voting yes. 5 Corpus Juris, p. 96, sec. 204; *Campbell* v. *Western,* 3 Paige (N. Y.) 124.

We submit, however that the arbitration and the award in this case, complied with chapter 6 of the Code 1906, of Mississippi. Section 96 of the Code of 1906, of Mississippi, simply requires that the submission be by instrument of writing; and that any controversy existing between the parties may be so submitted to one or more arbitrators. The matter in controversy must be one that might be the subject of an action. All these conditions are met in the arbitration proceeding here involved. *Bloomer* v. *Sherman,* S. Paige (N. Y.) especially p. 578-579.

We submit that under section 96 of the Code of 1906, every essential of a statutory arbitration is provided for, and covered in the agreement to arbitrate in this case. Section 97 of the Code of 1906, refers to the qualifications of the arbitrators, and there is no suggestion that they were not qualified.

Sections 98 and 99 of the Code of 1906, provided for the appointment of a time of meeting by the arbitrators, and notice to the parties, and the form of notice to the parties, but in the case at bar it appears that the meeting was in the office of W. M. Garrard & Company, and it is alleged in the pleadings and admitted in the demurrer that both parties appeared in person before the arbitrators. Therefore, it is immaterial about the notice of the time and

place of meeting under the decision in *Mississippi Cotton Oil Co.* v. *Buster,* 84 Miss. 91.

Section 100 of the Code of 1906, provides that the arbitrators shall take an oath. And the award on its face recites that each of the arbitrators were duly sworn before the chancery clerk. Section 101 of the Code of 1906, provides that a majority of the arbitrators may make the award, unless the concurrence of all is expressly required in the submission.

The only things vital to the award referred to in section 105 of the Code of 1906, are the signature by the arbitrators and the publication of the award, and both of these facts appear in the case at bar. Delivery of a copy of the award is merely directory. *Tenn. Coal & Iron Co.* v. *Russell,* 46 So. 866. It cannot be said in this case, that the award is invalid because not full and complete and responsive to all of the matters of difference included in the submission.

Common law arbitration still in force, statutory proceedings cumulative. 5 Corpus Juris, page 19, sec. 5. Our statute does not, by express terms, or necessary implication, abrogate the common law, on the contrary it is expressly provided: "This chapter shall not be construed to take away from the court of equity, their power over awards, nor to make invalid any award good at common law; and it shall be liberally construed, for encouragement of settlement of disputes and preventions of litigations." Sec. 114, Code 1906; *Ins. Co.* v. *Skaggs,* 75 So. 437; Sec. 101, Hemingway's Code. Note also *Sheffield* v. *Clark,* 93 Ga. 92; *Faust* v. *Hastings,* 24 N. W. 22.

The award pleaded here required a plea and could not be met by demurrer. *Yarho* v. *Purser,* 74 So. 424; Finding of Balance due. Corpus Juris, page 145, sec. 347.

Presumption in Favor of Award. Every reasonable intendment will be indulged to give effect to the proceedings of the arbitrators and in favor of the regularity and integrity of the arbitrators' acts. And where objection is taken to an award proper on its face every reasonable pre-

sumption will be indulged in its favor.  The burden of proof rests upon the party attacking the award.  5 Corpus Juris, page 244, sec. 675; *Upshaw* v. *Hargrove,* 6 Sm. & M. 286-292; *Hill* v. *Hill,* 11 Sm. & M. 616-626; 5 Corpus Juris, p. 246, sec. 681.

Operation of Award, Conclusive Effect Thereof.  5 Corpus Juris, page 160, sec. 389; 2 Ency. of Law, 605, 607, 736.

Under Submission of Enumerated Matters.  Where the submission is of divers matters, distinctly enumerated, and it appears from the whole award that the matters submitted were adjudicated upon, it is sufficient though each particular is not specified in the award, unless the submission requires a separate finding as to each matter.  But if more than one sepraate and distinct matter is specifically submitted, and the general finding does not, necessarily, include all such matters, the award must show that each of the separate matters was considered and passed upon by the arbitrators.  See Note 3 Cyc., page 701; *Jenkins* v. *Meagher,* 46 Miss. 840, 94.

Sufficient Evidence to impeach Award.  In order to justify the court in setting aside an award, the fraud or other ground of impeachment must be made out by clear and strong evidence.  5 Corpus Juris, page 247, sec. 685; page 243, sec. 669-70; 84 Miss. 91, 36 So. 146, respectfully submitted.

*Chapman & Johnson* and *Neill & Clark,* for appellee.

The arbitration agreement does not provide that an award may be made by a majority of the arbitrators, or by a less number than the three.  Under the common law, where a submission is to a number of arbitrators and there is no agreement that a majority or less than the whole number may act and render an award, all of the arbitrators must agree to render the award valid.  *Byard* v. *Harkrider* (Ind.), 9 N. E. 294, 296; *Payne* v. *Moore* (Ky.), 4 Am. Dec. 689; *Washburn* v. *White* (Mass.), 84 N. E. 106; *Towne* v. *Jaquith* (Mass.), 4 Am. Dec. 84; *Moore* v.

*Ewing et al.* (N. J.), 1 Am. Dec. 195; *Patterson* v. *Leavitt* (Conn.), 10 Am. Dec. 98; *Green* v. *Miller* (N. Y.), 5 Am. Dec. 184. This is also the rule in Mississippi. In *Willis* v. *Higginbotham,* 61 Miss. 164, this case is referred to and cited with approval in *Harvin* v. *Denton,* 87 Miss. 238, 39 So. 456.

It is clear that, under the arbitration agreement, the parties were entitled to a unanimous decision by the arbitrators. We do not apprehend, however, that the appellant denies the rule to be that under a common-law arbitration the award must be concurred in by all the arbitrators, but he takes the position that the decision of the arbitrators was unanimous. While it is true that the declaration alleges that the award was unanimous, yet the arbitration agreement and award are made exhibits thereto, and to these instruments we look rather than to the declaration in determining whether the decision of the arbitrators was a unanimous decision. *Fisher* v. *Kuhn,* 54 Miss. 480, 5 Corpus Juris, 246, secs. 681 & 682; 5 C. J., p. 143, sec. 341.

The matters on which the arbitrators did not agree were not in the decisions of questions as to the admission or rejection of evidence, but they are substantive and go to the very foundation of the award.

The submission in this case (as determined by the report) is of divers matters, distinctly enumerated; as shown by the submission separate and distinct items were specifically submitted and the award shows that each of the separate matters were considered and passed upon by the arbitrators, and that they disagreed as to the finding upon the separate matters, and upon the amount due by the appellees to the appellant. This is not a case where there is a balance found to be due from one party to the other, the arbitrators professing to decide the whole subject, but not stating the principles from which resulted the balance alleged to be found to be due by one party to the other; but the items, on which the parties are entitled to a decision, are enumerated, and the arbitrators disagreed as to

the separate items and disagreed as to the balance because the arbitrator, Mr. McGinnis, disagreed as to the particular items above mentioned, and objected and excepted to the balance found to be due by the other two arbitrators, and never agreed to that balance. See, also, in this connection 5 C. J., p. 144, Note 45 (a) (2).

Again, in 5 Corpus Juris, page 155, sec. 376, it is said that an award which is good in part and bad in part will be sustained to that which is good, if the parts are severable, if the void part is not necessary to the finality of the award under the subdivision. In this case, the void part is necessary to the finality of the award under the submission because the matters on which the arbitrators were to act are set forth in their report, and they were to act on each and every item stated in their report, and it was necessary that they should act on each and every item therein stated in order to make an award.

As stated in 5 Corpus Juris, page 156, sec. 377, the rule in section 376, in regard to an award good in part and bad in part being sustained as to that which is good, if the two parts are severable, has found most frequent application in cases where the arbitrators, in making their award, went beyond the terms of the submission; in this case, the two parts, or the reasons above mentioned, are not severable, and the report of the arbitrators so far as the demurrer is concerned, fixes the scope of the submission. In the cases cited by appellant, the arbitrators, in making their award, went beyond the terms of the submission or sought relief in equity to correct a mistake. *Republic of Columbia* v. *Cacuca Co.,* 47 Law Ed. 1159; 2 R. C. L., page 397, sec. 39.

In *Davis* v. *Cilley,* 84 Am. Dec. 85, a bill in equity was filed for relief against an award for a mistake of law by the arbitrators, and the case is certainly not in point here.

Section 96, of the Code of 1906, provides that all persons, with the exceptions therein named, may be instrument of writing, submit to the decision of one or more arbitrators any controversy which may be existing between

them, which might be the subject of an action, and may, in such submission, agree that the court, having jurisdiction of the subject-matter, shall render judgment on the award made pursuant to such submission. The parties, as stated by the statute, may arbitrate, but they are not compelled to arbitrate; but if they do arbitrate, under the statute then in the submission they must agree upon the court to render judgment on the award. Should they agree upon a court without jurisdiction of the subject-matter, provision is made for a judgment to be rendered by the court having jurisdiction. A note, at the bottom of page 181 of 2 L. R. A. in the following language, upholds the view here presented: *French* v. *New,* 20 Barb. 486.

Section 106 of the Code of 1906, refers to the submission and award under section 96, and provides how the award may be confirmed on motion. There are other sections of the chapter on arbitration and award, with which this arbitration agreement and alleged award do not conform, but to them, in the light of what has been said, we deem it unnecessary to refer. It is evident that the parties did not undertake a statutory arbitration, but a common-law arbitration.

The award in the above case was void, and was incapable of being rendered operative by ratification. 5 Corpus Juris, 169. As a matter of fact, however, there was no ratification but the appellees refused to abide by the alleged award and repudiated it. The building was not moved into on condition that the defects should be arbitrated, but the appellees of right and necessity, proceeded to move into the building on December 17th, the day on which the letter setting out certain defects then known was written. The defects complained of in addition to those detailed in the letter, were not discovered until long after the building was moved into.

In conclusion, we respectfully submit that, on the third count of the declaration, issue was joined and the case went to the jury on copious testimony and under instructions of the court, favorable, indeed, to the plaintiff, and the con-

troverted questions of fact were found adversely to the plaintiff and a judgment rendered in favor of the defendants; that the arbitration pleaded in the first, second and fourth counts of the declaration was a common-law arbitration, whereunder the arbitrators must unanimously agree on the award, and this they did not do, and consequently the award was void, and the demurrer was rightfully sustained; and that the trial court committed no reversible error, and the case should, therefore, be affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The appellant filed suit in the circuit court upon an award made in an arbitration proceeding concerning the contract for the erection of an office building for the appellees. The declaration set forth the entering into a contract to erect the office building, making the contract, plans, and specifications, exhibits thereto. It then alleged that differences arose between the parties, and that certain correspondence passed with reference thereto, and that an agreement was entered into by the parties to arbitrate all differences between the parties concerning the said building, and makes the agreement to arbitrate and the award signed by the arbitrators exhibits to the declaration. The agreement to submit provides as follows:

"It is hereby agreed by and between W. M. Garrard & Co., a partnership composed of W. M. Garrard, P. M. Malone and S. R. Keesler, parties of the first part, and W. C. Stout, party of the second part, that all the matters now in controversy between the said parties relative to an office building just completed by the party of the second part for the parties of the first part, situated in the town of Indianola, Mississippi, shall be submitted to the decision of the three arbitrators, who shall be reputable and competent men, and shall be chosen as follows:

"The parties of the first part shall select one arbitrator and the party of the second part shall select one arbitrator, and the two arbitrators so chosen shall select the third

arbitrator, said arbitration to be made on a date to be fixed by arbitrators not later than January 15, 1920, and the decision rendered by said arbitrators shall be final as to all such matters of controversy, and the parties of the first part will settle with the party of the second part according to such decision and all the parties to this contract hereby agree to be bound by the award so made.

"Witness our signatures this the 18th day of December, 1919. [Signed] W. M. Garrard & Co., by W. M. Garrard, Parties of the First Part. W. C. Stout, Party of the Second Part."

The award made on this agreement recites:

"In the arbitration between *W. C. Stout* v. *W. M. Garrard & Co.*, relative to the construction of an office building at Indianola, Mississippi, W. M. Garrard & Co. selected Mr. S. L. McGinnis of Greenwood, Mississippi, as their representative, and W. C. Stout W. G. Whetmore of Meridian, Mississippi, as his representatives, who both arrived at the office of W. M. Garrard & Co. on January 15, 1920. These two chose Mr. H. D. Bird of Greenville, Mississippi, as the third arbitrator, all of whom were duly sworn by the chancery clerk of Sunflower county, at Indianola, Mississippi. These arbitrators now respectfully submit the following report."

The report then set forth the amount of the contract, with the extras allowed without question by the parties, and certain other items amounting to ten thousand, one hundred and forty-eight dollars and forty cents, and allowed the payments, which had been without dispute to Stout, amounting to seven thousand, four hundred and three dollars, showing a balance of two thousand, seven hundred and forty-five dollars and forty cents, and sets forth claims of Stout not allowed by W. M. Garrard & Co., constituting a number of items, among which are delays caused by Garrard & Co., serious labor and material conditions, a heavily rising market, failure to keep verbal contract made with W. C. Stout to obtain for him additional good paying work, and recited that Stout had con-

structed an office building whose value closely approxi-
mates seventeen thousand dollars, being about seven thou-
sand dollars more than the amount of his contract, and al-
lows Stout one thousand dollars, less four months' office
rent for this item; McGinnis voting, "Nay" on this last
item, and the other two voting, "Yea." A number of items
are set forth which are allowed against Stout's claims and
numbers of claims of appellees, allowing one item of one
hundred dollars for repairing plaster; this item being voted
for by two of the arbitrators, and the third voting for three
hundred dollars as to this item. Two of the arbitrators
disallowed certain of the claims for which one of them
voted for a given amount. The balance due after summing
up the several items referred to awarded to Stout being
three thousand, seven hundred and fifty-eight dollars and
twenty cents. The award is closed as follows:

"Respectfully signed and sealed this the 16th day of
January, 1920, with exceptions as noted."
—and signed by the three arbitrators.

A demurrer was interposed to the original declaration
and sustained, and the plaintiff filed an amended declara-
tion containing four counts; three of the counts declaring
on the award, and one of them declaring on the contract,
and alleging the performance thereof. The declaration in
the counts on arbitration were, one count on the statutes
on arbitration, and the other two declared on a common-
law arbitration and award. The count on the statutory
arbitration alleged that the arbitration was full, complete,
and final, and was and is the unanimous adjudication of
the arbitrators, and was and is the award on the part of
said arbitrators as to the balance due plaintiff by defend-
ants, and that at the hearing on said arbitration agreement
the arbitrators heard all of the parties, and heard and con-
sidered all of the points in controversy between them, and
passed upon and finally disposed of each and every ques-
tion submitted to them fully and completely, and disposed
of all controversies between the parties, and covered by
the articles of submission, and unanimously agreed to

award, and actually did award, in the said instrument, which is made an exhibit to the declaration, as the full balance due him in and about all of the matters submitted on said arbitration the sum of three thousand, seven hundred and fifty-eight dollars and twenty cents; that said award was not only signed by all three of the arbitrators, but was published by all three of them, and was delivered to each of the parties to said arbitration; that the defendants took full charge and possession of the building constructed by the plaintiff, and are now in possession thereof, and have continued to hold and use and occupy said building since the making of the award, and have kept and retained the signed and published award the arbitrators delivered to them, and that the amount had been demanded of the defendants by the plaintiff and payment refused by the defendants.

A demurrer was interposed to each of the counts declaring on the arbitration and was sustained by the court, and the cause proceeded to trial on the count declaring on the original contract, to which the defendants pleaded the general issue, and gave notice under the general issue of certain defects in the building, and failure on the part of the plaintiff to perform his contract by way of recoupment. The counter notice was that the plaintiff would prove that about the time the building was constructed it was inspected by the architect, and had been approved and accepted with certain specific named exceptions, and that the defendants had given notice that they would accept the building and claim no damages other than the said specific items.

The trial resulted in a verdict for the defendants. The proof on the trial showed that certain defects developed in the building after the arbitration proceeding; and the proof for the defendant tended to show that the defects which afterwards developed resulted from the fault of the plaintiff, and that the building was greatly damaged thereby. During the progress of the trial the jury inspected the building at the instance of the parties, and dur-

ing the inspection of the building a, portion of the jury went on top of the building and inspected a skylight involved in the controversy; and a portion of the jury did not go on the building, nor did the judge and attorneys for the plaintiff go on the building, nor the stenographer and clerk of the court. After the rendition of the verdict the plaintiff made a motion for a new trial, setting up among other things as a reason therefor the facts that the jury separated and a part of them saw the alleged defect from above, while the others did not see it.

The plaintiff has assigned a number of errors for which he contends the judgment should be reversed. We will deal only with the ones dealing with the arbitration. In our opinion the arbitration was a good arbitration under the statute if the allegations of the declaration are true. Section 96, Code of 1906 (section 83, Hemingway's Code), provides that all persons except infants and persons of unsound mind may by writing submit to the decision of one or more arbitrators any controversy which may be existing between them which might be the subject of an action, and may in such submission agree that the court having jurisdiction of the subject-matter shall render judgment on the award made pursuant to such submission, and provides that if parties agree on a court without jurisdiction that the judgment shall be rendered by the court having jurisdiction in the county of the residence of the party or of one of them against whom the award shall be made. Section 97, Code of 1906 (section 84, Hemingway's Code, provides for the qualifications of arbitrators. Section 98, Code of 1906 (section 85, Hemingway's Code), provides a time for meeting and notice to the parties. Section 99, Code of 1906 (section 86, Hemingway's Code), provides the form of notice and the method of serving the same. Section 100, Code of 1906 (section 87, Hemingway's Code), provides that the arbitrators shall be sworn. Section 101, Code of 1906 (section 88, Hemingway's Code), provides that a majority of the arbitrators may make an award unless the articles of submission provide to the contrary.

Section 102, Code of 1906 (section 89, Hemingway's Code), provides for the witnesses to be sworn. Section 105, Code of 1906 (section 92, Hemingway's Code), provides for the signing of the award. Section 106, Code of 1906 (section 93, Hemingway's Code), provides for the confirmation by the court. Section 107, Code of 1906 (section 94, Hemingway's Code), provides how it may be vacated. Section 108, Code of 1906 (section 95, Hemingway's Code), provides how it may be modified. Section 114, Code of 1906 (section 101, Hemingway's Code), provides for the construction of the chapter, and reads in full as follows:

"This chapter shall not be construed to take away from the courts of equity their power over awards, nor to make invalid any award good at common law; and it shall be liberally construed for the encouragement of the settlement of disputes and the prevention of litigation."

It will be seen from section 114 above set out that the chapter on Arbitration is to be liberally construed for the encouragement of the settlement of disputes and the prevention of litigation. It is also provided that any award that would be good at common law shall not be made invalid by the statute.

We think the articles of submission covered all of the matters in controversy which were known at the time of the submission, and that the effect of the submission and arbitration is to merge the cause of action then existing into the award. *Yarbro* v. *Purser,* 114 Miss. 75, 74 So. 425; *Jenkins* v. *Meagher,* 46 Miss. 84; *Jones* v. *Harris,* 58 Miss. 293. It is the policy of the state to permit parties to arbitrate their differences and to give effect to a valid submission and ward. *Scottish Union & National Ins. Co.* v. *Skaggs,* 114 Miss. 618, 75 So. 437. In *Upshaw* v. *Hargrove,* 6 Smedes & M. 286, and *Hill* v. *Hill,* 11 Smedes & M. 616, this court held that an award is *prima facie* good. In *Jenkins* v. *Meagher, supra,* this court held that an award will not be set aside because the witnesses were not examined under oath. It will be presumed, in the absence of a showing to the contrary, that the witnesses were brought

before the arbitrators and examined under oath. We think the fact that the arbitrators met in the office of the defendants on the 15th of January, 1920, and that they were sworn by the chancery clerk and proceeded to hear the matters at issue, and the fact that they did not sign the award on that day, does not avoid the legality of the award. The declaration certainly alleges enough to show that they proceeded legally, and that the arbitration was participated in by the defendants until the award was made, signed, and delivered. It is not material, in our view, that the plaintiff did not proceed by motion. The form of the action would be immaterial. The statute prescribing the proceeding by motion was intended to give an expeditious and summary proceeding for it to be enforced in the court. In such case it can be declared on and enforced as a cause of action. At common law the suit would lie on an oral submission and an oral award. *Tucker* v. *Gordon,* 7 How. 306.

The common law required the award to be unanimous, unless the parties provided to the contrary. The present statute section 101, Code of 1906), above set out, provides the contrary—that the majority may make the award unless the articles of submission provide the contrary. The fact that the articles of submission provide that one party may select one of the arbitrators and another may be selected by the other party, and the two selected shall select a third, carries with it the idea that the parties understood that they were proceeding under the statutory scheme, and that two out of the three so selected would be enabled to settle the controversy. If the parties had agreed on all three of the arbitrators, there would be more reason for believing that they contemplated a unanimous decision. It is evident, however, that they proceeded under the statute, and the statute was designed expressly to dispense with the common-law rule of unanimity. It would be a difficult matter to settle by arbitration any dispute if one party could select one of the arbitrators without the consent of the other, and this arbitrator could refuse to ac-

quiesce in the finding unless it was favorable to his friend. The statute is to be construed liberally. It is express in its terms to that effect. It was so provided no doubt with the knowledge that ordinarily articles of arbitration are prepared by parties not having knowledge of technical rules, and refinements ought not to be ingrafted by the courts upon such proceedings.

Viewing the articles of submission and the award in the light of all of the facts in the record, we think that the court was in error in sustaining the demurrers to the counts declaring on the award. In view of this decision, it is not necessary to decide the other points presented in the record. We desire to say, however, that when the jury views a scene or building for the purpose of enabling them to reach a correct conclusion they should be kept together and each of the jurors should see what the other sees. It is unnecessary to say whether the party complaining would be estopped by the facts like those relied upon here for estoppel.

The judgment will be reversed, and the case remanded.

*Reversed and remanded.*