HORNE *v.* STATE BUILDING COMMISSION.

No. 39373 December 20, 1954 76 So. 2d 356

*deQuincy V. Sutton,* Meridian, for appellant.

*Wright, Overstreet & Kuykendall,* Jackson, for appellee.

HALL, J.

Appellant had a written contract with the State Building Commission for doing the mechanical work in connection with the installation of plumbing and heating in the several buildings of the Mississippi Schools for the Deaf and Blind. In the latter part of 1949 the general

contractor had almost completed his work and the architect discovered that the appellant was so far behind with his contract that it would be practically impossible for him to complete it within the time allowed him under the contract. This situation was reported to the State Building Commission in February 1950 and the Commission first determined to cancel the contract in accordance with its terms, but upon assurances from the appellant deferred the matter of cancellation until March 1950, when the architect finally determined and reported to the Commission that appellant was hopelessly in default. Thereupon the Commission declared the contract terminated and called upon appellant's surety to complete it. Appellant demanded an arbitration in accordance with the terms of the contract. An arbitrator was selected by each party and the two thus chosen selected a third arbitrator. These three were organized into a board of arbitration and conducted a lengthy hearing and after conclusion of evidence taken over a period of about ten days and after having inspected the buildings in question, made a general award in favor of the State Building Commission and found that sufficient cause existed for the issuance of the architect's certificate for termination of the contract. This award was dated April 24, 1950. The award was subsequently filed in the circuit court and on May 2, 1950, the appellee made a motion to confirm the same. After due notice appellant appeared and filed a motion to transfer the case to the chancery court, where the appellant filed an independent suit for balance due him under his contract and also for balance due under a contract for the electrical work on the State Office Building. On request of appellee the circuit court deferred its action on the motion to transfer the award proceedings to the chancery court, but later on June 3, 1950, entered an order transferring the case to the chancery court; after which the appellant filed a motion to vacate the award of the arbitrators and the appellee filed an amended motion to confirm the arbitration award.

The causes were finally consolidated and numerous amendments and other pleadings were filed, which it is not necessary to detail. The matter was referred to a special master who finally rendered an opinion on June 3, 1952, to the effect that the award of the arbitrators was incomplete. Objections were made to the master's report and exceptions taken thereto and finally the court rendered its opinion on April 1, 1953, pursuant to which the master's report was set aside, the motion to confirm the award was overruled, and the matter was referred back to the board of arbitration for further consideration and findings. The board of arbitration met pursuant to the order of the court, and, instead of the one general finding, the board made fifteen specific findings, all of which were in favor of the Building Commission and all of which were substantially covered by the single finding made in the original award. The board of arbitration called this a supplemental award and did not take any additional evidence prior to making the same. On July 31, 1953, appellant filed a motion to vacate the award and the court on that date entered a decree confirming both awards, from which this appeal is taken.

Appellant's principal contentions are that the original award was invalid because of its incompleteness and that the supplemental award was invalid because not made within time specified in the original articles of submission. We think that a determination of the first question will be decisive of all points raised. There is no contention against anything in connection with the original arbitration except that the finding of the board of arbitration is so incomplete as to render it invalid. On March 7, 1950, the architect issued his certificate of appellant's default on his contract, this certificate being in accordance with the original contract, and within a few days thereafter the appellee entered an order upon its minutes terminating the contract pursuant to the authority of the architect's certificate. Appellee demand-

ed arbitration. After laborious work extending over a period of approximately two weeks the board of arbitration made its award which is, in part, as follows: "We, the Board of Arbitration, find for the defendant and find that sufficient cause did exist for the issuance of the Architect's certificate of March 7, 1950, above mentioned, and assess all costs of this proceeding against the plaintiff, Arthur Horne."

 Section 297, Code of 1942, provides that the provisions in the chapter on arbitration and award shall be construed liberally. To the same effect is Stout v. W. M. Garrard & Co., 128 Miss. 418, 91 So. 33.

Appellant contends that the general award above quoted is incomplete because he claimed the right to have a specific finding by the arbitrators on fifteen different questions which were eventually specifically found adversely to him in the supplemental award, but the trouble with appellant's contention is that the general award necessarily constituted a denial of appellant's claim under the so-called fifteen points.

The award necessarily adjudicated the following facts contained in the architect's certificate of March 7, 1950, as being correct: (1) that the contractor, Horne, had failed to furnish a sufficient number of skilled workmen and proper materials; (2) that he had persistently disregarded the instructions of the architect; (3) that he cannot complete his work satisfactorily and in accordance with the specifications; (4) that sufficient cause exists to justify the building commission in terminating Horne's contract; (5) that Horne's day to day progress on the job is not satisfactory and is not in keeping with the commission's order of February 20, 1950, which, in effect, had put Horne on a probationary period before termination of his contract; (6) and that the commission should exercise its right to terminate the contract and call on the surety on Horne's performance bond to complete the work.

■■■ Unless the statute or the articles of submission to arbitration require separate findings on each matter considered, it is not necessary for the award to enumerate each matter considered or to make special findings of fact or law. Idaho Dredging Corporation v. Boise, etc., 49 Idaho 303, 288 P. 641; Podolsky v. Raskin, 294 Ill. 443, 128 N. E. 534. The original award in this case was definitely in favor of appellee and although no special findings were made other than we have stated, the general tenor of the award was that appellant was not entitled to any relief on any of the points urged by him. As to the sufficiency of the original award we quote from Leavenworth & Son, Inc. v. Kimble, 157 Miss. 462, 128 So. 354, as follows:

■■■ "It is the settled general rule that 'it is essential to the validity of an award that it shall be final and complete, responsive to all the matters of difference included in the submission.' Rhodes v. Hardy, 53 Miss. 592. But since every rule must be given such an interpretation that it may have a sensible and practical operation, there is the essential qualification upon that rule that where the arbitrators have done everything that they could do, upon the matters submitted, to make an award final, and the award is therefore 'as final as the nature of the thing (submitted) will admit of, it is sufficient.' Borretts v. Patterson, 1 N. C. 126, 1 Am. Dec. 576. 'There is nothing peculiar in the rules of interpretation applied to agreements to submit to arbitration. As in the case of all agreements the courts seek to give effect to the intent of the parties . . . It is possible for the parties in the agreement to limit the scope of the arbitration in any way that is desired.' 2 R. C. L., pp. 365, 366. To these statements we add a quotation taken from the recent case Rayl v. Thurman (Miss.), 125 So. 912, 914: 'And, since parties must be presumed to have acted in good faith — and in a matter of this kind they will not be heard to aver to the contrary — it must be held that in the submission they as-

sented to that which would make the submission valid.' To which we now add, further, that in a submission to arbitration, the intent of the parties in making the submission must be construed as such that it is possible for the arbitrators to act justly within the terms of the submission, and as to this also, the parties will not be heard to say to the contrary.''

There is also some applicability in what we said in Hutto v. Jordan, 204 Miss. 30, 36 So. 2d 809, as follows:

''The applicable general rule is announced as follows: 'Errors of law or fact, or an erroneous decision of matters submitted to the judgment of the arbitrators, are insufficient to invalidate an award fairly and honestly made. Nothing in the award relative to the merits of the controversy as submitted, however wrongly decided, is ground for setting aside an award in the absence of fraud, misconduct, or other valid objections.' 3 Am. Jur., Section 135, Award and Arbitration. The 'other valid objections' in this State are defined in our statutes, and none are present in the case before us. Moreover, Section 147, of the same treatise, further declaring the general rule, says that 'Unless the arbitrators are restricted by the agreement of submission, the general rule is that they are the final judges of both law and fact, and an award will not be reviewed or set aside for mistake in either.' There was no such restriction in the agreement of submission in the case before us.

''Such is the law in Mississippi. In dealing with this topic, we have said that 'the rights of the parties are narrower than in judicial trials, for there is no review or correction of errors of the judgment, either upon the law or facts, nor indeed would the arbitrators be absolutely barred by the strict law of the case. They might proceed altogether on views of what was right and just between the parties without following either the rules that would govern a court of law or equity in the circumstances. It is not legitimate, therefore in exceptions to the award, to inquire into the original merits in

favor of one party or the other, or to show that in the evidence the award ought to have been different, or that the law of the case was misconceived or misapplied, or that the decision, in view of all facts and circumstances, was unjust.' Jenkins v. Meagher, et al., 46 Miss. 84.

"In the case before us, the matter of usury was the issue, involving a mixed question of fact and of law, on the submission to the arbitrator. This Court has heretofore dealt with such a situation. 'Questions of pure law are sometimes directly submitted, as we think was done in this case in reference to the construction of the contract. In such cases, it makes no difference whether or not the arbitrators decide them as the Court would see fit to do. The award, whether it meets the view of the Court or not, is final and conclusive. The agreement of the parties is, substantially, that they will be bound by whatever the arbitrators declare to be the law between them, and by this agreement they are bound. Morse on Arbitration and Award, 314 and 315. As matters of fact are peculiarly within the arbitrators' authority, less hesitation has been manifested in treating as conclusive the finding of arbitrators upon facts, than their rulings upon the principles of law.' Memphis & Charleston R. Co. v. Scruggs, 50 Miss. 284.

"Finally, we have held that an agreement to submit the controversy to arbitration has the legal effect to 'make a compromise settlement of the matters in dispute, including the matters in this suit; and the effect of this agreement was to merge the original causes of action and defenses into the written award and make that the exclusive source of rights and liabilities of the parties.' Yarbro v. Purser, 114 Miss. 75, 74 So. 425, 427.

"Articles of agreement to arbitrate, and awards thereon are to be liberally construed so as to encourage the settlement of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings. Furthermore, where parties regularly agreed to arbitrate

their differences, and suit was filed on the award, the declaration alleging the material facts relating thereto, exhibiting the contract, the arbitration agreement, and the award, it was held to be error to sustain a demurrer to the declaration. Stout v. W. M. Garrard & Co., 128 Miss. 418, 91 So. 33."

 The whole effect of appellant's demand for arbitration presented the contention that there was not sufficient cause for the architect's determination and certificate upon which the Building Commission terminated the contract. The demand sets forth that the Commission was assuming to terminate the contract because of a certificate of the architect and it denied the existence of facts justifying the issuance of such certificate, and demanded arbitration of the dispute. The appellant requested the Board of Arbitration to make fifteen separate findings of fact. The Building Commission contended that the one central issue was on the appeal from the architect's determination and that a decision as to whether there was sufficient cause for the architect's certificate would conclude the whole matter at issue. We are of the opinion that the position of the Building Commission is correct, and that the arbitration proceedings amounted, in effect, to an appeal from the architect's determination. The question then that the Board of Arbitration had to decide was the issue of sufficient cause. This was decided with certainty. "An award of one particular thing, for the ending of any number of matters in difference, is sufficient if it concludes all such matters; and where the finding of the arbitrator upon one of the issues submitted is such that it precludes the necessity of the finding upon another issue the award is not invalid for incompleteness as to the latter issue." 6 C. J. S. page 229, Arbitration and Award, Section 81 b(2).

 "An award falls within the general rule that acts of arbitrators must be responsive to their authority under the agreement of the parties. It should be co-

extensive with the submission, and it is held that in order to be final and conclusive, it must embrace every-thing required by, and must cover every point included in, the submission. As in the case of other recitals, however, there need not be an express finding on each particular point, if all are included either expressly or by necessary implication, for the duty of arbitrators ordinarily is satisfied if they find generally in such a way as substantially to cover all questions embraced in the submission which have been presented to them and not withdrawn by the parties.'' 3 Am. Jur., pages 944-945, Arbitration and Award, Section 122.

The decree of the lower court confirmed both the original award and the supplemental award. Since we are of the opinion that the original award was valid and broad enough to settle the dispute between the parties, and since the supplemental award added nothing thereto, it results that no harm has resulted to appellant from confirmation of the supplemental award and it is not necessary for us to determine whether it is or is not valid. The decree will therefore be affirmed and the cause will be remanded for further proceedings not inconsistent with this opinion.

Affirmed and remanded.

*Roberds, P. J.,* and *Holmes, Arrington* and *Gillespie, JJ.,* concur.