## No. 6654.

### HERMANN GRAF vs. SAMUEL FRIEDLANDER.

Plaintiff, as lessee of a lot of ground, and Defendant as lessor of the same, agreed that the latter, at the expiration of the lease, would pay the former for buildings and improvements constructed by him on said lot of ground, a price to be determined by "two disinterested persons, one to be chosen by each, etc."

Held that such an agreement is the law of the case between the parties, and, in the absence of a charge of fraud against the so constituted experts, this Court will not disturb their finding.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

*Joseph P. Hornor* and *Francis W. Baker* for Plaintiff and Appellee.

*C. F. Buck* and *Max Dinkelspeil* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. On the 7th of March, 1871, plaintiff leased from the defendant certain vacant lots in New Orleans for the period of four years, at the rate of $1000 per annum, payable monthly. It was also stipulated in the same contract that the plaintiff should erect a house upon the premises, and upon the expiration of the lease the plaintiff could elect whether he would buy the lots from the defendant, or whether the defendant should take the building erected thereon; and the price to be paid by the one or the other, as the case might be, should be determined by "two disinterested persons" (quoting the language of the contract), one to be chosen by each of the parties; and in case of disagreement, they to choose an umpire whose decision would be final. The term of the lease was extended by consent for another year. Upon the expiration of this extension the plaintiff elected that the defendant should take the building erected by the plaintiff upon the property under the provisions of the contract.

Each party selected, what is termed in the proceedings, an expert to

determine the sum to be paid by the defendant; and they failing to agree, called in an umpire, who fixed the sum at $1661 37. This award, as it was termed, was signed by the experts and the umpire. The defendant being dissatisfied with this report, or award, as it is called, refused to pay the amount fixed therein, and this suit was brought against him to compel payment.

The defendant answered, admitting substantially the facts as stated above, but claimed that he was entitled to certain credits which the experts failed to consider, and that the experts had appraised the building too high, and such appraisement was made in the interest of the plaintiff, and to his, defendant's, prejudice.

The case was tried before a jury who rendered a verdict in favor of the plaintiff for $1463 50, and from the judgment on this verdict, the defendant appealed. From the nature of the suit this Court is greatly restricted in its review of the pleadings, and evidence to be found in the record.

The suit is not based on an award of arbitrators or amicable compounders appointed and qualified as prescribed by the articles of the Code upon the subject, nor was the award, as it is termed, and the proceedings relating thereto, in strict accord with the provisions of law.

The contract of these parties, however, was a law unto themselves. In that contract it was expressly stipulated that the amount to be paid by the defendant, in the event he took the house constructed on the leased premises, was to be determined in a certain way pointed out by the contract, namely, by the judgments and decision of the persons selected under the provisions of the instrument. By the terms of the instrument, the persons to be thus chosen for this purpose were clothed with full authority to fix and determine the matter to be submitted to them; and the contracting parties bound themselves expressly to abide by their decision. The persons, whether we call them arbitrators, amicable compounders, experts, or by whatever name selected as provided by the agreement, did make a valuation of the property, and did report the amount of that valuation. In the absence of charges of fraud in making their award, the plaintiff and defendant, parties to the contract, are bound by it, as they declared they would be. It may not have been the best mode of settling the matter in dispute contemplated by the parties, but it was the one chosen by them, and they must abide by the result. The jury by their verdict corrected an error committed by these experts in making their estimate, an error of calculation, and which is mentioned in the answer of the defendant; and this correction is conceded by the plaintiff's counsel to be a proper one.

Under this view of the contract and the law governing it, we could not go into an examination of the voluminous evidence in the record,

.admitted for a limited purpose, with a view of giving the effect to it urged by the defendant's counsel. We were confined to a consideration of the contract between the parties, to which alone we must give effect.

We cannot allow the additional interest claimed by the plaintiff; the experts did not allow it, and we cannot.

The judgment of the lower court is, therefore, affirmed with costs.

### ON APPLICATION FOR REHEARING.

TODD, J. In our former decree no interest was allowed on the amount found to be due the plaintiff by the defendant. Further examination has satisfied us that legal interest should be allowed from the 6th June, 1876; the date of the award of the experts, which fixed the amount of the defendant's liability, at which time the debt became due. It is not necessary that the rehearing should be granted.

It is, therefore, ordered that our former decree rendered herein be amended by allowing five per cent interest per annum on the amount thereof, from the 6th of June, 1876, until paid.

LEVY, J., absent.