Hopkins vs. Louisiana Western Rail Road Company.

## No. 1125.

THOMAS B. HOPKINS VS. THE LOUISIANA WESTERN RAIL ROAD COMPANY.

### ON THE MOTION TO DISMISS.

The submission of the controversy in this case to arbitrators, was made with the understanding that they should have power to act as amicable compounders. Under the law (Art. 460, C. P.), the judgment of the Court rendered upon the award, cannot revise it. It follows that the judgment itself is not appealable.

APPEAL from the Twenty-fifth Judicial District Court, parish of Lafayette. *Clegg*, J.

*M. E. Girard* and *E. Simon* for Plaintiff and Appellee.

Arbitrators constitute an exceptional tribunal created by the parties, to whom the law permits the parties to delegate a *final* and *unappealable* jurisdiction (when there is no fraud or misconduct) under the name of amicable compounders. 14 An. 323.

In a submission to arbitrators, all questions put at issue by the pleadings fall within the powers of the arbitrators to decide. 31 An. 97, Jackson vs. Hoffmann.

In an award of amicable compounders, the Court cannot correct what may appear to it *errors*, for they might have been caused by yielding to the dictates of equity. 13 An. 37.

The award of amicable compounders within the scope of their authority is conclusive as to the parties who agreed to submit, and *is not reviewable by the courts.* 31 An. 336 and 4 An. 148; 7 An. 171.

*Breaux & Hall* for Defendant and Appellant.

Suit of Hopkins vs. La. Western Railroad Co., No. 3215, not submitted to arbitration. There must be no doubt as to the submission. C. C. 3104.

An invalid award cannot be the basis of a judgment. Hennen's Dig., Arbitration II, No, 29.

### ON THE MOTION TO DISMISS.

The opinion of the Court was delivered by

LEVY, J. Appellee moves to dismiss this appeal on the ground that this Court dismissed an appeal on the consolidated cases of 3214, the expropriation case, and 3215, the present injunction and damage case, for want of jurisdiction *ratione materiæ*, and, therefore, the question of jurisdiction having been thus decided, it is final and constitutes *res adjudicata*. In the decision relied upon by appellee, we said : "As to Hopkins, he was plaintiff in the injunction suit and defendant in the other ; the causes of action were different and distinct in the two suits, and it is untenable to argue that the two amounts involved in the two cases can be cumulated for the purpose of determining our jurisdiction of this appeal." Thus we practically held that the cumulation for purposes of appeal, or to give jurisdiction to our Court on appeal, was improper and, therefore, the present case was not considered as being then before us for review. The year within which a devolutive appeal could be taken, not having expired, the appeal, if the case involved sufficient amount and was otherwise appealable, has been taken in due time.

Appellee, however, presents this further ground in support of his motion : That the judgment of the District Court is based on an award of compounders, which is not subject to our revision.  Art. 460 Code of Practice contains the following provision : "But if from the submission entered into by the parties, it appears that they intended to give the arbitrators power to act as amicable compounders, the Court cannot revise the award.  It must be homologated as it stands, in order that it may have the effect of a definitive judgment." "There are two sorts of arbitration : the arbitrators properly so called, and the amicable compounders."  C. C. 3109.

The appellant contends that the submission under which the award was made herein, was not to amicable compounders, but to mere arbitrators, and that the value of the land sought to be expropriated, the damages thereto and the matter in contest relative to the value of the land and damages thereto, are the subjects submitted for arbitration, and denies that the damages claimed in the injunction suit were also submitted for determination and award.

The record discloses, as appears in the order granting the first appeal, that cases 3214 and 3215 had been consolidated.  The submission to arbitration, signed by the La. Western Railroad Co., by their attorneys, by M. E. Girard and E. Simon, attorneys representing the parties of the second part, and by Thomas B. Hopkins (who is not only plaintiff in 3215, the injunction suit, but also one of the defendants in 3214, the expropriation suit), sets forth as follows : "It is hereby agreed by and between the La. Western Railroad Company of the first part, and the Oliver Boudreaux heirs, and the H. E. Laurence heirs and Zephirin Boudreaux in his individual right and T. B. Hopkins, all of whom are named in a petition filed in the suits *3214 and 3215*," &c.    *    *    * "That each of the parties of the first and second parts shall name an *arbitrator and compounder* to appraise the value of the property described in said petition, and damages and all matters in contest."  The oath taken was, "to faithfully perform the functions incumbent upon me as arbitrator and compounder," &c.  The award is headed and reads as follows : "La. W. Railroad Co. vs. Thos. B. Hopkins and als., No. 3214, expropriation suit, and T. B. Hopkins vs. La. W. R. R. Co., No. 3215, injunction suit.  In the above entitled causes the undersigned arbitrators and compounders, beg leave to report that they have executed their mandate and report their award as follows :" &c.  The award was homologated by judgment rendered in the two cases, 3214 and 3215, consolidated.

The terms of the submission itself, the action in connection therewith by the Court and the arbitrators and compounders thereunder lead us irresistibly to the conclusion that the submission, the arbitration and

the award were to and by amicable compounders, and that, under the law on the subject, the award has the effect of a definitive judgment not subject to our revision.

The ruling of the Court in Davis vs. Leeds, 7 L. 476, is applicable to and covers this case : " The submission, in the present case, clearly contains a grant of power to the arbitrators, to act as amicable compounders, and consequently deprives the tribunals of the country of all authority to revise the award rendered in pursuance of it. Whatever has been done, in relation to matters actually referred to their decision, if done honestly, must remain without the possibility of revision, and as a necessary consequence, without alteration or amendment." " If parties will submit their disputes to be decided by men chosen by themselves as judges, under the appellation of amicable compounders, they must abide their judgments, without hopes of having them revised by the courts of justice established by the Constitution and laws of the State. Such judges are not required to determine according to the strictness of the law. They are authorized to abate something of this strictness in favor of natural equity." Id. 4 An. 148 ; 1 An. 171 ; 1 R. 102 ; 28 An. 500.

For the reasons stated, we are without authority to revise the judgment, and this appeal is, therefore, dismissed at costs of appellant.

Justice TODD having been recused in No. 3214, referred to, takes no part in this decision.