DUFRESNE, Judge.
This is an appeal from a judgment setting aside an arbitration award. Because we find no error in the trial judge’s conclusion that the arbitrators “exceeded their powers and imperfectly executed them in such a manner that a mutual, final and definite award upon the subject matter was not made”, we affirm his judgment.
*402 The parties to this action are National Tea Co., lessee of a supermarket, in a shopping center, and R.R. Richmond, lessor and owner of the center. The existing lease expires in January, 1992. The rent is one percent of yearly gross sales of the grocery up to three million dollars, or $30,000 maximum, with a minimal rental of $15,000 per year. The lease further provides that the lessor is to provide two square feet of parking space for every square foot of building area in the shopping center. Prior to the present dispute, the center had some 42,700 square feet of building space and 85,400 square feet of parking.
It appears that in the spring of 1987, Richmond began construction of another building of about 7,500 square feet in the center. National sought injunctive relief to stop this construction, and alternatively prayed for damages, for this impending breach of the lease. The court ordered that an arbitration be commenced as per the terms of the lease, and stayed further legal action during those proceedings. An arbitration panel was duly selected and, after a hearing, it rendered an award in favor of National. It further appears that while the arbitration was pending, Richmond completed construction of the additional square footage of commercial space with the result that only some one and one-half square feet of parking is now available for every square foot of building space in the shopping center.
In its written reasons for the award, the panel stated that had the new construction not been completed by the time of the award, it would have enjoined further work on the building because it was in clear violation of the lease. The panel also stated that because the building was completed, it did not contemplate ordering destruction of that building, but further noted that the continuation of the work by Richmond during the arbitration was an act of bad faith in meeting its contractual obligations under the lease. It concluded that Richmond was therefore liable for damages under the lease.
In fixing the amount of damages, the panel looked to another provision of the lease which provided that if Richmond were to construct additional stories on the existing building and this work interrupted National’s business, liquidated damages of $100 per day would be owing for as long as the business interruption continued. The panel, then analogized the reduction of the parking ratio to a business interruption and set damages against Richmond at $100 per day until he restored the two to one parking ratio.
Richmond then filed a motion to set aside this award on the grounds that 1.) there was evident partiality on the part of one member of the panel, and 2.) that the panel had exceeded its powers. In oral reasons for judgment setting aside the award, the trial judge rejected the allegation of partiality, but found that the panel had indeed exceeded its powers. He so concluded because under his reading of the contract the clause fixing liquidated damages applied only in the event of the construction of additional stories to the original building which disrupted business operations, and not to any other breach of the lease. He further noted that while National would be entitled to damages for reduced parking, such damages could only be fixed by a showing of what negative effect this had on their business, and not by looking to what be considered an inapplicable clause found elsewhere in the contract. He therefore set aside the award. This appeal followed.
The applicable statute in this matter is La.R.S. 9:4210(D), which provides that an arbitration award may be set aside:
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
The case law interpreting this section is of no help in the case before us. However, this is also the exact language of the federal arbitration act, 9 U.S.C. § 10(d), and we therefore look to federal jurisprudence for guidance.
In Totem Marine Tug & Barge v. North American Towing, 607 F.2d 649 (5th Cir. 1979), the issue before the court was *403 whether an arbitration panel exceeded its authority in making an award which went beyond the demand made by the prevailing party in a dispute over a marine charter. The facts there were that Totem leased a vessel from North American for six months, but after four months it notified North American that the vessel was defective and that it was terminating the lease. The vessel was taken to Anchorage, Alaska; but North American demanded redelivery at its home port of Galliano, Louisiana, or payment of the cost of return, estimated at $45,000. The matter was submitted to arbitration, and the panel awarded North American $117,000, representing the rent for the entire lease period, an item of damages which had never been put at issue in the dispute.
In vacating the award, the court noted that although arbitrators enjoy a broad grant of authority to fashion remedies, they are restricted to those issues submitted. It held that because the entire lease price was never sought by North American, the award of that item by the panel went beyond the powers of the arbitrators, and was thus invalid. The court further rejected the argument that simply because the lease price was “naturally intertwined” with the dispute under arbitration, that it was therefore within the scope of the panel’s powers.
In the present case, we find that the liquidated damages clause of the lease was not a matter before the panel. In its original petition in the district court National alleged that it would suffer damages were the parking area to be reduced, and reserved “its rights to claim and to prove its losses, expenses [and] damages ... as will be more fully shown at trial_” Nowhere in the record of this matter did National allude to the liquidated damages clause or assert that it intended to rely on that provision in seeking damages. The submission to the panel was therefore for a decision as to the losses suffered by National, if any, and an award based on these losses. We therefore conclude, as did the trial judge, that the award for liquidated damages made by the panel went beyond its powers, and was properly vacated.
We also point out that the award is neither final nor definite. The panel stated that the award of $100 per day was to commence on “the day the award has become final”. The only reasonable interpretation to be given to this language is that daily damages begin to accrue under the award until all appeals to the courts have been exhausted at some uncertain and unpredictable future date. This is simply not an award which can be said to be final or definitive, and we find it invalid for that reason as well.
We finally note that the judgment of the trial court simply vacates the award, but does not make any further disposition of the case. In his oral reasons for judgment the trial judge did, however, make reference to ordering a rehearing by the arbitration panel, if appropriate under the lease agreement, pursuant to La.R.S. 9:4210. Because this determination has not yet been made by him, we decline to order such a rehearing and instead remand the case to the district court for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.