FORET, Judge.
This appeal involves the confirmation of an arbitration award.
BACKGROUND OF THE DISPUTE
Effective April 1, 1981, the law firm of Mouton and Jeansonne, comprised of Wel-ton P. Mouton, Jr. and John A. Jeansonne, Jr., was dissolved by the partners as a result of disagreements between the partners. Employed by the firm at that time as associates were Patrick J. Briney, David K. Balfour, and John J. Lewis, Jr.
Jeansonne, Briney, Lewis, and Balfour established a new firm, as did Mouton, and all continued in the practice of law. However, numerous disputes continued as to the termination of the affairs of Mouton and Jeansonne, and disputes developed regarding the ownership and management of the Maison de Quebec office building which had originally been purchased by Mouton, Jeansonne, Briney, and another former Mouton and Jeansonne associate, David S. Cook. The office building in question was undergoing renovation at the time of the dissolution of the firm, and problems were encountered between the co-owners as to the completion of the building, etc. In order to bring to a head the settlement of various disputes, as to the rights, obligations, and responsibilities on the various disputed issues, and in an effort to avoid judicial proceedings, on September 10, 1981, Jeansonne sent a letter to Mouton detailing some of the disputes and suggesting with respect to one particular disputed issue that Lane Roy and/or James J. Davidson, III, attorneys at law in Lafayette, act as disinterested parties in resolving a question involving billing.
Mouton responded, in a letter dated September 14, 1981, agreeing with Jeansonne’s suggestion, but going further and suggesting that Roy and Davidson should act as arbitrators and that their role should not be confined to the single dispute identified by Jeansonne in his letter. As appellant Mouton put it in his letter of September 14:
“I would have no objection to arbitration with the people you suggest, but I believe such arbitration should include all disputes I have with you and associates who left with files, Messrs. Briney, Balfour and Lewis. I believe such arbitration should also resolve once and for all ownership of the 20% of the building now claimed by Patrick Briney.... ”
On September 21, 1981, Jeansonne, on behalf of himself, Briney, Lewis, and Balfour, agreed to appellant’s proposal that “all disputes” be submitted to arbitration and Roy and Davidson act as the arbitrators. This letter contained the express stipulation that the arbitration would proceed pur *259 suant to Louisiana Arbitration Law, which may be found at R.S. 9:4201, et seq.
Over the next several months, a number of meetings and discussions were held among the proposed arbitrators, Lane and Davidson, and the parties for the purpose of identifying what disputes were to be decided and what procedure was to be employed.
- Finally, a written arbitration agreement was signed by all the parties and it provided in pertinent part:
“This submission to arbitration is entered into by and between the following persons: Welton P. Mouton, Jr., John A. Jeansonne, Jr., Patrick J. Briney, John J. Lewis, Jr., and Davidson K. Balfour, all persons of the full age of majority and practicing attorneys who submit to this arbitration voluntarily, knowingly, and with full agreement for said submission. The arbitration requested herein is by agreement of all parties hereto to be binding and final, that is the decision of the arbitrators will be the final decision as to the matters subjected to arbitration, subject only to petition for rehearing which might be filed by any of the parties within twenty days of the decision of the arbitrators, said rehearing petition to be to the arbitrators themselves, and with full agreement that all of the parties hereto do hereby give up and waive any right to appeal to any court as to any matters decided within this arbitration proceeding.... ”
Mouton signed the agreement on March 10, 1982, and the other parties also executed the agreement so that all parties had signed by March 19, 1982. Subsequent to the latter date and with permission of the arbitrators, the parties then engaged in extensive discovery, filed motions, memo-randa, and other pleadings and documents. Mouton, at all times through the course of the arbitration proceeding, was represented by counsel, either himself or others.
Unfortunately, in December, 1982, John Lewis was found to be suffering from a terminal illness, and he died on February 1, 1983. Despite his death, the arbitration proceeded without any objection by Mouton, or by any other party or persons. On February 9 and 10, 1984, the arbitrators held a hearing, during which witnesses were called by and on behalf of the parties; depositions were filed in lieu of live testimony, and volumes of exhibits were offered on the many disputes being submitted to the arbitrators. Subsequently, the arbitrators allowed all parties to file extensive supplemental briefs and citations of authority.
The arbitrators rendered their decision on April 3, 1986, following their review of exhaustive volumes of evidence, depositions, legal memoranda, etc.
Some of the issues were decided in favor of appellant Mouton and some in favor of Jeansonne, Briney, and Balfour. Nonetheless, Mouton, dissatisfied with the decision, exercised his right to apply for a rehearing before the arbitrators, which was duly considered by the said arbitrators. On January 15, 1988, the arbitrators rendered their final decision, basically reaffirming their earlier holding.
The arbitrators then filed in the record of the district court, the record of their proceedings and, within a few days, appellant filed a motion in opposition to the arbitrators’ award, naming as defendants in rule not only Jeansonne, Briney, and Balfour, but also the arbitrators, Davidson and Roy.
Various exceptions and motions were filed on behalf of the defendants in rule and, in addition, Jeansonne, Briney, and Balfour filed a motion to confirm the arbitrators’ award pursuant to the Louisiana Arbitration Law, La.R.S. 9:4201, et seq. and R.S. 9:4209 in particular.
On June 20, 1988, the trial judge, after a hearing, denied Mouton’s motion to vacate the arbitrators’ award and granted Jean-sonne, et als’ motion to confirm the award. The trial judge noted specifically that appellant had failed to show any grounds for vacating the arbitrators’ award as required by R.S. 9:4210 and 9:4211. Judgment was signed accordingly on August 19, 1988, and Mouton has appealed suspensively or, in the alternative, devolutively, from the trial court’s judgment. We affirm.
*260 APPELLATE REVIEW OF ARBITRATION AWARD
The role of appellate review of an arbitration award was succinctly stated in the case of National Tea Co. v. Richmond, 548 So.2d 930, 932-933 (La.1989):
“Because of the strong public policy favoring arbitration, arbitration awards are presumed to be valid. Errors of fact or law do not invalidate a fair and honest arbitration award. St. Tammany Manor v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987). Therefore, misinterpretation of a contract by an arbitration panel is not subject to judicial correction. See I/S Stavborg v. National Metal Converters, Inc., 500 F.2d 424 (2d Cir.1974) and Nat. R.R. Passenger Corp. v. Chesapeake & O. Ry., 551 F.2d 136 (7th Cir.1977). Judges are not entitled to substitute their judgment for that of the arbitrators chosen by the parties. Burchell v. Marsh, 58 U.S. 344, 17 How. 344, 15 L.Ed. 96 (1854); Graf v. Friedlander, 33 La.Ann. 188 (1881); Hopkins v. Louisiana Western Rail Road Company, 33 La.Ann. 1138 (1881); Housing Authority v. Henry Ericsson Co., 197 La. 732, 2 So.2d 195 (1941); Firmin v. Garber, 353 So.2d 975 (La.1977).”
In Godeau v. Picheloup Construction Co., Inc., 567 So.2d 697 (La.App. 3 Cir. 1990), we said:
“It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statute. The court cannot substitute its conclusion for that of the arbitrator. In the furtherance of the purpose and intention of arbitration, the scope of judicial review as to the findings and conclusions of an arbitrator is severely restricted and the courts have consistently respected this limitation. Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statute.
“A district court has only three alternatives: (1) it may confirm the award of the arbitrator; (2) it may vacate the award where one of the grounds for vacation outlined in La.R.S. 9:4210 has been proven; or (3) it may modify the award where one of the grounds listed in La.R.S. 9:4211 exists.”
La.R.S. 9:4210 lists the exclusive grounds for the vacating of an award of an arbitrator:
“In any of the following eases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.”
ASSIGNMENTS OF ERROR
Appellant Mouton makes eleven assignments of error on appeal. We find no merit to any of them, but will briefly discuss each one, not necessarily in the order in which they are presented by appellant.
At the outset, however, we agree with the trial judge in his finding that the evidence shows that the parties agreed, although this agreement is not specifically contained in the arbitration agreement, that arbitration should proceed pursuant to *261 the Louisiana Arbitration Law which is found at R.S. 9:4201, et seq. The arbitration law does not mention either the death of a party or that of an arbitrator as having a terminative effect on the arbitration proceedings; neither does it mention that the proceedings must be completed within three months; nor does it require that the arbitrators must be sworn before a judge or justice of the peace. These provisions which were raised by Mouton after the arbitrators rendered their decision and a move to confirm same was instituted by the arbitrators and/or Jeansonne. The death of a party, the ninety-day limitation for the duration of the arbitration proceedings, and the requirement of an oath are found under Louisiana C.C. articles 3105 (duration); 3111 (oath of arbitrators); and 3132 (death of a party).
It is obvious from the parties’ actions in continuing the proceedings, and the absence of objections by Mouton, that the intent of the parties at the time the arbitration was commenced and throughout the proceedings was that R.S. 9:4201 should be the law applicable to these arbitration proceedings. It is undisputed that it was not until after Mouton was dissatisfied with the arbitrators’ findings that he sought to invoke the above mentioned articles of the Civil Code on arbitration in an attempt to invalidate or annul the findings of the arbitrators.
Assuming arguendo, that the above mentioned Civil Code articles would be applicable, we would be derelict in our duty to administer justice and fairness between the parties were we to permit Mouton to negate and/or invalidate the arbitration proceedings and the arbitrators’ award when he proceeded at great length, over a long period of time, into the arbitration proceedings after the death of Lewis and after the expiration of the three-month period. We would be remiss if we did not find that Mouton is estopped from now raising these objections at this late date and stage of the proceedings.
As regards La.R.S. 9:4210, appellant admitted at oral argument that he was not seriously relying on the provisions of sub-paragraphs A and B.
SPECIFICATION OF ERROR NO. 1
Appellant contends here that the hearing judge had no factual or legal authority to ignore the arbitration articles and the Louisiana Civil Code to reach his decision. The codal provisions should have been read along with the Revised Statutes on arbitration “in reference to each other.” We have already stated above that the applicable law to these arbitration proceedings was La.R.S. 9:4201. But, reading, as we should, the provisions of the Louisiana Civil Code in the context of those provisions, death, oath and duration should be applied, we have found that appellant is estopped from using those grounds to invalidate or annul the award of the arbitrators. With that observation, we fail to see where considering the Civil Code articles in pari materia with the Arbitration Law affords any relief to appellant.
SPECIFICATION OF ERROR NO. 2
Appellant contends that the hearing judge incorrectly allowed testimony of one arbitrator to be used as testimony of the second arbitrator by allowing the second arbitrator to answer the question, over objection: “If I were to ask you the questions that I asked him (the first arbitrator), would your answer be substantially the same?”.
The trial judge has wide discretion to allow such questions. C.C.P. art. 1631; La. Code of Evidence art. 611. This assignment of error has no merit.
SPECIFICATION OF ERROR NO. 3
Appellant argues that the hearing judge committed error when he did not read any of the documents, exhibits, and depositions introduced, but merely heard the in-court testimony. As we stated in Godeau v. Picheloup Const. Co., Inc., supra, in a situation such as this, a district court has only three alternatives: (1) it may confirm the award of the arbitrator; (2) it may vacate the award where one of the grounds for vacation outlined in La. R.S. 9:4210 has been proven; or (3) it may modify the award where one of the grounds listed in La.R.S. 9:4211 exists. *262 The trial court judge obviously found that no basis existed for vacating or modifying the arbitrators’ award either under R.S. 9:4210 or 4211.
We have examined the record and find that the trial judge had no reason to refuse to confirm the award. This assignment of error has no merit.
Appellant has filed a motion that we remand with an order to the trial court to read the record. We deny the request as being unnecessary and a waste of judicial effort.
SPECIFICATION OF ERROR NO. 4
Appellant argues that the hearing judge erred in allowing parol testimony to vary the terms of the arbitration submission which must be entirely in writing, signed by all parties. This argument seems to strike at the fact that the arbitration proceedings took more than ninety days, and after the death of Lewis. We have discussed, supra, the issue of the duration and the death of Lewis. We find no necessity to discuss it here. This assignment of error has no merit.
SPECIFICATION OF ERROR NO. 5
In this assignment, appellant again brings up the fact that the arbitrators were not sworn by a justice of the peace or a judge.
We have previously discussed this assignment. It has no merit. See Guillory Real Estate, Inc. v. Ward, 296 So.2d 853 (La.App. 3 Cir.1974), writ denied, 301 So.2d 49 (La.1974). The arbitrators, both attorneys and notaries, swore in each other. This is all that was necessary.
SPECIFICATION OF ERROR NO. 6
In this assignment, appellant raises the ninety-day duration period mentioned in C.C. art. 3105. The arbitration agreement itself acknowledges that all of the parties are busy practitioners of law with crowded schedules and that reasonable time lapses would not be crucial. As a matter of fact, appellant continuously filed memoranda, briefs, and exhibits throughout the arbitration proceedings, creating further delays. We note in passing that appellant continued to file unsolicited supplemental briefs and motions even after oral argument and submission of the case in this Court.
Again, we mention that R.S. 9:4201, et seq., does not contain any maximum period for the arbitration proceedings.
SPECIFICATION OF ERROR NO. 7
Appellant argues that the death of John Lewis on February 1, 1983, terminated the arbitration proceedings. As previously discussed, we find that this assignment has no merit. Without objection from anyone, the arbitration proceedings continued for three years after the untimely death of John Lewis.
SPECIFICATION OF ERROR NO. 8
Appellant argues that the trial judge failed to recognize that because of the above defects in the arbitration, and for other reasons, appellant failed to receive a fair arbitration hearing and was denied due process and equal protection of the law.
This assignment of error is meritless. It deserves no discussion by this Court.
SPECIFICATION OF ERROR NO. 9
Appellant argues that the trial judge erred in not finding that since the arbitration agreement was silent as to which laws were to apply, clearly all applicable Louisiana law was to apply. This issue has been previously discussed. This Court finds that the applicable law was La.R.S. 9:4201 et seq.
SPECIFICATION OF ERROR NO. 10
Appellant contends that the trial judge erred when he refused to consider the arbitration award as an appeal and indeed even refused to let the arbitration proceeding into evidence, except as proffered testimony. The trial court judge was correct in refusing to consider appellant’s motion in opposition as an appeal of the arbitrators’ decision. Appellant and the other parties to the arbitration agreement knowingly, intelligently, and voluntarily surrendered their right to appeal in the arbitration agreement itself. Inasmuch as the applicable law is the Louisiana Arbitration Law, rather than the Civil Code articles on arbitration, appellant’s remedy is limited to 9:4210 and 4211. The trial court had no reason to consider the entire record *263 of the arbitration proceeding. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 11
In this final assignment of error, appellant argues that the judge erred when he did not find the arbitrators “so imperfectly executed their powers that a mutual, final, and definite award on the subject matter submitted was not made.”
This assignment of error is without merit. See National Tea Co. v. Richmond, supra, and Godeau v. Picheloup, supra.
CONCLUSION
For the foregoing reasons, the award of the arbitrators and the judgment of the trial court approving same are affirmed. All costs of this appeal are assessed against Welton P. Mouton, Jr.
AFFIRMED.