GAUDIN, Judge.
This is an appeal by 3838 Ridgelake Partnership, David R. Hoffman, Anthony N. Scalco, Thomas P. Gonsoulin, Larry B. McMillen and Marvin V. Cavallino from a district court judgment ordering enforcement of a settlement agreement entered into after arbitration. We affirm that portion of the judgment directing execution of the agreement. We reverse that part of the district court judgment denying exceptions of res judicata filed by Cabildo Construction Company, Jahncke Spooner & Associates, Architects/Planners, Inc. and Edward C. Spooner.
The Ridgelake group had contracted with Cabildo, Inc. whereby Cabildo would build an office complex. Upon substantial completion of the building, the Ridgelake group refused to pay and Cabildo sued.
The Ridgelake group then filed an exception of prematurity, saying that the contract called for submission of any dispute to the American Arbitration Association in event of a problem arising from the contract.
Pursuant to the Ridgelake group’s request, arbitration hearings took place on July 24 and 25 and September 13, 1989. On the third day of hearings, the parties advised the arbitrator that the entire matter had been compromised. A settlement agreement was drafted and signed and it included this major paragraph:
“Cabildo will be paid by owners the amount of $42,500.00 within three days of release of liens filed by Cabildo and Mechanical Construction Company.”
The remainder of the settlement agreement is of no moment regarding this litigation.
Subsequent to the signing of the formal agreement and the voluntary termination of the arbitration hearing, the Ridgelake group obtained new attorneys and sought to withdraw from the agreement.
While arbitration agreements are not necessarily etched in legal stone, they are binding on the parties in the absence of serious error or a gross abuse of discretion by the arbitrator. Arbitration is a substitute for expensive and time-consuming litigation and its purpose is thwarted when parties seek judicial review.
In National Tea Company v. Richmond, 548 So.2d 930 (La.1989), the Supreme Court of Louisiana reversed judgments of this Court[1] and the 24th Judicial District Court which had set aside an arbitration judgment because the arbitration panel had awarded liquidated damages allegedly beyond the panel’s powers. The Supreme Court, in reestablishing the arbitration panel’s judgment, said that “... even if the arbitration panel had misconstrued the contract of lease ... that error would not invalidate the award.”
Here, the Ridgelake group argues that the agreement contains a suspensive condition which Cabildo failed to satisfy, i.e., Cabildo was to first release the liens and then be paid. Cabildo, according to the testimony and evidence, agreed to exchange the lien releases for the agreed-on sum. Cabildo apparently was not willing to erase the liens and then have to wait for payment.
The trial judge was not persuaded by the Ridgelake group’s contention nor are we. The trial judge, in his assigned “Reasons for Judgment,” said:
*1065 “The Court is absolutely convinced that the recordation of those lien certificates is not the real reason this contract was not complied with. The reason this contract was not complied with was because defendants thought they made a bad deal after the fact. And if that’s the case, in addition, that the contract was entered into by the attorney or signed by the attorney without their consent or exceeded his authority, then that matter should be taken up with their attorney.
“I view the contract as straightforward, in plain language, and think it should be enforced, therefore, I render judgment in favor of the plaintiff and order the contract be enforced.”
Also before the district court were exceptions of res judicata submitted by Cabildo, Jahncke and Spooner. The trial judge denied the exceptions but reserved to exceptors “... the right to re-urge the exceptions at the trial on the merits.”
As enforcement of the compromise agreement is being ordered, however, and, further, because it appears all matters in dispute were within the scope, meaning and intent of the settlement, it was inadvertent for the trial judge to deny res judicata. The Ridgelake group has neither stated a ground for setting aside the settlement agreement nor provided the district court with a reason to conduct a trial.
Finally, we note this. One of the Ridgelake group’s assertions, on appeal, is that the group’s original attorney, since discharged, had no authorization to sign the settlement agreement. When Cabildo sought to depose the group’s initial attorney, the group filed a motion to block the deposition for protection of the attorney-client privilege. A hearing was scheduled, at which time the trial judge advised the Ridgelake group that a full, sweeping deposition would be ordered unless the group would forego its contention that the settlement agreement was entered into by the group’s counsel without authorization. The group then said, in open court, that it would not raise, as an issue, lack of authority of its prior attorney.
Twelve days before trial, the Ridgelake group attempted to change its position. It filed what is entitled, “Notice of Withdrawal of Stipulation and Affirmative Waiver of the Attorney Client Privilege on the Issues of Consent and Authority to Settle.”
On the date of trial, the district court said this to the group’s counsel:
“... this was an attempt to be cute. It was a bit of nonsense to try to avoid the plaintiffs in this case. I wasn’t going to put up with it then and I’m not going to put up with it now. You stood up in open court and made a stipulation to a fact and you are not going to withdraw the stipulation of that fact today. I take it as fact that (the prior attorney) had authority to execute this agreement and I take it as fact because you entered into this stipulation in open court ...
“I want to explain to you (Dr. Hoffman) ... approximately three weeks ago your attorney represented to this Court that was not to be an issue. He made a stipulation that the authority of (the prior attorney) to enter into this agreement was not at issue in this case. On that, I severely limited the plaintiff’s attorneys in their depositions. They weren’t able to ask (the prior attorney) anything about his authority, weren’t able to go into any questions concerning authority. ... I’m not going to let him come in here on the day of trial and revoke that stipulation and have discussion about authority ...”
By so acting, the trial judge did not abuse his discretion and did not err. The depositions were conducted (as was preparation for trial) in the wake of and in reliance on the in-court stipulation. Such a stipulation has the effect of a judicial admission or confession and cannot be withdrawn absent a showing much stronger than the one made by the Ridgelake group, which argued only that the stipulation was partial and that a withdrawal would not prejudice Cabildo.
The Ridgelake group is to pay costs of this appeal.
*1066 AFFIRMED IN PART, REVERSED IN PART.

. Reported at 537 So.2d 401 (La.App. 5 Cir.1989).