JOHNSON, Chief Justice,
concurs and assigns reasons.
hi reluctantly concur with the majority opinion. In my view, there is no question that the arbitration panel committed an error of law in concluding that the 2003 amendment to La. R.S. 9:2772, reducing the period of peremption for construction claims from seven years to five years, could be retroactively applied to perempt Crescent’s claims. However, as recognized by the majority, such an error of law does not permit vacatur of the arbitration panel’s award. This court has long held that an arbitration award can only be challenged on the specific grounds |2set forth in the arbitration statutes.[1] And, these specific grounds do not include “good faith” errors of law. Thus, despite the error committed by the arbitration panel, I must agree with the majority’s conclusion that the court of appeal erred in reversing the district court’s judgment confirming the arbitration panel’s award. ■

. See, e.g., Firmin v. Garber, 353 So.2d 975 (La.1977); National Tea Co. v. Richmond, 548 So.2d 930